NAQQhesP

```
1    UNITED STATES DISTRICT COURT
     SOUTHERN DISTRICT OF NEW YORK
2    ------------------------------x
     UNITED STATES OF AMERICA
3
                  v.                        20 CR 411 (RA)
4                                               Plea

5    HESHL ABRAHAM

6                 Defendant
     ------------------------------x
7
                                        New York, N.Y.
8                                       October 26, 2023
                                        11:55 a.m.
9

10   Before:

11                    HON. RONNIE ABRAMS
                                        District Judge
12

13                       APPEARANCES

14   DAMIAN WILLIAMS
          United States Attorney for the
15        Southern District of New York
     JILAN J. KAMAL
16        Assistant United States Attorney

17   NEWMAN & GREENBERG
          Attorney for Defendant
18   STEVEN Y. YUROWITZ

19

20

21

22

23

24

25
```

NAQQhesP

1          (In open court; case called)

2          DEPUTY CLERK:  Counsel, please state your name for the

3     record.

4          MS. KAMAL:  Good afternoon, I believe by now, your

5     Honor.

6          Jilan Kamal on behalf of the United States.

7          MR. YUROWITZ:  Stephen Yurowitz on behalf of Heshel

8     Abraham.

9          THE COURT:  Good afternoon.

10          Good afternoon, Mr. Abraham.

11          THE COURT:  I understand that you wish to please

12     guilty to Count One of the superseding information.  Is that

13     correct?

14          THE DEFENDANT:  Yes.

15          THE COURT:  Before deciding whether to accept your

16     plea, I'm going to ask you certain questions so I can be sure

17     that you understand your rights, and that you're pleading

18     guilty voluntarily and because you are guilty and not for some

19     other reason.

20          So it's important that you answer my questions

21     honestly and completely.  If at any point you don't understand

22     a question or want to speak with your lawyer, just let me know,

23     okay?

24          THE DEFENDANT:  Okay.

25          THE COURT:  Ms. Cavale, could you please place

NAQQhesP

1    Mr. Abraham under oath.

2              (Defendant sworn)

3              THE COURT:  You are now under oath, so you should

4    understand if you answer any of my questions falsely, you could

5    be charged with a separate crime of perjury.  Do you understand

6    that?

7              THE DEFENDANT:  Yes.

8              THE COURT:  So I'm going to start by asking you

9    questions to ensure that you're competent to plead guilty, and

10   then we'll talk about the charging instrument and go on from

11   there.  But these are questions I ask of every defendant in

12   your situation.

13             How old are you?

14             THE DEFENDANT:  35.

15             THE COURT:  35?

16             THE DEFENDANT:  (Indicating)

17             THE COURT:  How far did you go in school?

18             THE DEFENDANT:  Yeshiva education.

19             THE COURT:  Are you currently or have you recently

20   been under the care of a medical professional or psychiatrist

21   or other mental healthcare provider?

22             THE DEFENDANT:  No.

23             THE COURT:  Have you ever been hospitalized for mental

24   illness, alcoholism, or drug addiction?

25             THE DEFENDANT:  No.

NAQQhesP

1          THE COURT:  In the past 24 hours, have you taken any

2     drugs, medicine or pills, or drunk any alcoholic beverages?

3          THE DEFENDANT:  No.

4          THE COURT:  Is your mind clear today?

5          THE DEFENDANT:  Yes.

6          THE COURT:  Do you understand what's happening in

7     these proceedings?

8          THE DEFENDANT:  Yes.

9          THE COURT:  Does either counsel have any doubt as to

10     the defendant's competence to plead guilty at this time?

11          MS. KAMAL:  No.

12          MR. YUROWITZ:  No, your Honor.

13          THE COURT:  On the basis of Mr. Abraham's responses to

14     my questions and my observations of his demeanor here in court

15     and representations of counsel, I find he is fully competent to

16     enter an informed plea of guilty at this time.

17          So, as I said at the start, I understand that you

18     intend to plead guilty to the charge contained in a superseding

19     information, which is a document containing a formal accusation

20     brought by the government.  Have you received a copy of this

21     superseding information?

22          THE DEFENDANT:  Yes.

23          THE COURT:  Have you read it?

24          THE DEFENDANT:  Yes.

25          THE COURT:  Have you discussed it with your attorney?

NAQQhesP

1          THE DEFENDANT:  Yes.

2          THE COURT:  Under our legal system, before anyone can

3    be charged with a felony offense, the government is obligated

4    to go to a grand jury, which must decide whether there's

5    probable cause to believe that a crime was committed, and that

6    you committed it, and that can result in what is called an

7    indictment.

8          But you have to understand that by proceeding by way

9    of information, you are allowing the government to charge you

10   without going to the grand jury and getting an indictment.  Do

11   you understand that?

12         THE DEFENDANT:  Yes.

13         THE COURT:  I understand that you signed this waiver

14   of indictment form that reads:  The above-named defendant, who

15   is accused of violating Title 18 United States Code, Section

16   371, being advised of the nature of the charge and of his

17   rights, hereby waives in open court prosecution by indictment

18   and consents that the proceeding may be by information instead

19   of indictment.  Did you sign this form?

20         THE DEFENDANT:  Yes.

21         THE COURT:  Were any threats or promises made other

22   than in the plea agreement, which we will talk about in a

23   minute, to get you to waive indictment?

24         THE DEFENDANT:  No.

25         THE COURT:  I find that Mr. Abraham has knowingly and

NAQQhesP

 1    voluntarily waived his right to be charged by a grand jury and

 2    authorize the filing of the superseding information.

 3          Have you had enough time and opportunity to discuss

 4    your case with your attorney?

 5          THE DEFENDANT:  Yes.

 6          THE COURT:  And have you discussed with him the nature

 7    of the charge to which you intend to plead guilty and any

 8    possible defenses?

 9          THE DEFENDANT:  Yes.

10          THE COURT:  Yes?

11          THE DEFENDANT:  Yes.

12          THE COURT:  Have you also discussed with him the

13    rights you're giving up and the consequences of pleading

14    guilty?

15          THE DEFENDANT:  Yes.

16          THE COURT:  Are you satisfied with his representation

17    of you?

18          THE DEFENDANT:  Yes.

19          THE COURT:  Okay.  So now I'm going to explain certain

20    constitutional rights that you have.  These are rights that you

21    will be giving up if you enter a guilty plea.  So first, under

22    the Constitution and laws of the United States, you have a

23    right to plead not guilty to the charge in the superseding

24    information.  Do you understand that?

25          THE DEFENDANT:  Yes.

NAQQhesP

1          THE COURT:  And if you did plead not guilty, you would

2     be entitled under the Constitution to a speedy and public trial

3     by a jury of that charge.  Do you understand that?

4          THE DEFENDANT:  Yes.

5          THE COURT:  In advance of trial, if you went to trial,

6     you would have the opportunity to seek suppression of any or

7     all of the evidence against you on the basis that it was

8     obtained in violation of the Constitution.  Do you understand

9     that?

10          THE DEFENDANT:  Yes.

11          THE COURT:  And at trial, again, if you chose to go to

12     trial, you would be presumed innocent.  That means that you

13     would not have to prove that you were innocent.  Instead, the

14     government would need to prove your guilt beyond a reasonable

15     doubt before you could be found guilty.  So even if you did

16     nothing or said nothing at trial, you could not be convicted

17     unless a jury of 12 people agreed unanimously that you are

18     guilty.  Do you understand that?

19          THE DEFENDANT:  Yes.

20          THE COURT:  During trial, if you chose to go to trial,

21     the witnesses for the prosecution would have to come to court

22     and testify in your presence where you could see them and hear

23     them, and your lawyer could cross-examine them.

24          If you wanted to, your lawyer could offer evidence on

25     your behalf.  You would be able to use the Court's power to

NAQQhesP

1    compel witnesses to come to court to testify truthfully in your

2    defense even if they didn't want to come.  Do you understand

3    that?

4              THE DEFENDANT:  Yes.

5              THE COURT:  At trial, again, if you chose to go to

6    trial, you would have the right to testify if you wanted to,

7    but you would also have the right not to testify.  And if you

8    chose not to testify, that could not be used against you in any

9    way.  So no inference or suggestion of guilt could be made from

10   the fact that you chose not to testify.  Do you understand

11   that?

12             THE DEFENDANT:  Yes.

13             THE COURT:  At trial, and at every stage of your case,

14   you'd be entitled to be represented by an attorney.  And if you

15   could not afford an attorney, one would be appointed at public

16   expense, meaning free of cost, to represent you.  Do you

17   understand that?

18             THE DEFENDANT:  Yes.

19             THE COURT:  If you are convicted at trial, you would

20   have a right to appeal that verdict to a higher court.  Do you

21   understand that?

22             THE DEFENDANT:  Yes.

23             THE COURT:  As I said before, you have the right to

24   plead not guilty.  So even as you sit here right now for

25   purposes of entering a guilty plea, you have the right to

NAQQhesP

1     change your mind and to go to trial.  But if you do plead

2     guilty, and I accept your plea, there will be no trial, and you

3     will be giving up the rights that I just described.  Do you

4     understand that?

5               THE DEFENDANT:  Yes.

6               THE COURT:  If you plead guilty, all that will remain

7     to be done is for me, the Court, to impose sentence.  I am not

8     going do that today, but I will enter a judgment of guilty and

9     sentence you after getting whatever submissions I get from your

10    lawyer and the government, as well as a presentence report

11    prepared by the probation department.  But there will be no

12    appeal with respect to whether the government could use the

13    evidence it has against you or with respect to whether you did

14    or did not commit the crime.  Do you understand that?

15              THE DEFENDANT:  Yes.

16              THE COURT:  If you did plead guilty, you will also be

17    giving up your right not to incriminate yourself because I'm

18    going to ask you certain questions here in court today in order

19    to satisfy myself that you are in fact guilty as charged.  Do

20    you understand that?

21              THE DEFENDANT:  Yes.

22              THE COURT:  Now, Count One of the superseding

23    information charges you with conspiring to commit wire fraud in

24    violation of Title 18 United States Code, Section 371.

25              Could the government please state the elements of the

NAQQhesP

| | |
|---|---|
| 1 | offense in question? |
| 2 | MS. KAMAL:  Yes.  In order to prove the defendant |
| 3 | guilty of Count One of the information, the government would |
| 4 | have to prove the following three elements beyond a reasonable |
| 5 | doubt: |
| 6 | First, that two or more people agreed to engage in a |
| 7 | scheme to defraud that involved the use of interstate wires as |
| 8 | charged in this superseding information. |
| 9 | Second, that the defendant entered that agreement |
| 10 | knowing its objective to commit wire fraud and intending to |
| 11 | join together with at least one other conspirator to achieve |
| 12 | that objective, and |
| 13 | Third, that at some point during the existence of the |
| 14 | conspiracy, at least one member performed an overt act in |
| 15 | furtherance of the agreement's objective. |
| 16 | Now, with respect to the objective of the conspiracy |
| 17 | here, wire fraud, wire fraud has three elements: |
| 18 | First, that there existed a scheme or artifice to |
| 19 | defraud or to obtain money or property by materially false and |
| 20 | fraudulent pretenses, representations or promises. |
| 21 | Second, the defendant knowingly participated in the |
| 22 | scheme or artifice to defraud with knowledge of its fraudulent |
| 23 | nature and with the specific intent to defraud, and |
| 24 | Third, that in executing the scheme, the defendant |
| 25 | used or caused the use of interstate wires. |

NAQQhesP

1          THE COURT:  Mr. Abraham, do you understand that if you

2     were to go to trial, the government would need to prove all of

3     that to a jury before you could be convicted?  Do you

4     understand that?

5          THE DEFENDANT:  Yes.

6          THE COURT:  Now, I'm going to discuss the maximum

7     penalties.  The maximum means the most that could possibly be

8     imposed.  It doesn't necessarily mean that is the sentence you

9     will receive, but you have to understand that by pleading

10    guilty, you're exposing yourself to the possibility of

11    receiving any combination of punishments up to the maximums.

12         So, with respect to your liberty, the maximum term of

13    imprisonment for this crime is five years in prison.  Do you

14    understand that?

15         THE DEFENDANT:  Yes.

16         THE COURT:  Any term of imprisonment you do receive

17    may be followed by a term of supervised release of up to three

18    years.  Supervised release means that if you're sentenced to

19    prison, after you're released from prison, you will be subject

20    to the supervision of the probation department.  You will be

21    required to obey certain rules.  And if you violate those

22    rules, you can be returned to prison without a jury trial to

23    serve additional time even beyond your original sentence.  Do

24    you understand that?

25         THE DEFENDANT:  Yes.

NAQQhesP

1          THE COURT:  You should also understand that there's no

2     parole in the federal system.  So if you're sentenced to

3     prison, you will not be released early on parole, although

4     there's a limited opportunity to earn credit for good behavior.

5     Do you understand that?

6          THE DEFENDANT:  Yes.

7          THE COURT:  In addition to these restrictions on your

8     liberty, the punishment for this crime includes certain

9     financial penalties.  The maximum allowable fine is $250,000,

10    twice the gross pecuniary gain derived from the offense, or

11    twice the gross pecuniary loss to persons other than yourself

12    resulting in the offense.  Do you understand that?

13         THE DEFENDANT:  Yes.

14         THE COURT:  I'm also required to impose a mandatory

15    special assessment of $100.  And I must order restitution to

16    any persons and entities injured as a result of your criminal

17    conduct.  And I can order you to forfeit all property derived

18    from the offense or used to facilitate the offense.  Do you

19    understand that these are the maximum penalties for Count One?

20         THE DEFENDANT:  Yes.

21         THE COURT:  Is Mr. Abraham being investigated or

22    prosecuted elsewhere that we know of?

23         MS. KAMAL:  No, your Honor.

24         THE COURT:  You should be aware that the punishments

25    I've just described may be part of a sentence, but being

NAQQhesP

1    convicted of a felony may have other consequences.  Are you a

2    United States citizen?

3                THE DEFENDANT:  Yes.

4                THE COURT:  Then you should understand that as a

5    result of your guilty plea, you may lose certain valuable civil

6    rights to the extent that you have them now, like the right to

7    vote, the right to hold public office, the right to serve on a

8    jury, and the right to possess any kind of firearm.  Do you

9    understand that?

10               THE DEFENDANT:  Yes.

11               THE COURT:  Now, in imposing sentence, federal judges

12   are required to consider the recommendations of the federal

13   Sentencing Guidelines.  The guidelines are a complicated set of

14   rules for determining an appropriate sentence.  Although judges

15   must take into account the guidelines in determining a

16   sentence, they are only recommendations to the Court.  So in

17   the end, the judge is required to give the sentence that she

18   believes best satisfies the purposes of the criminal law as set

19   forth in a particular provision of the law, the sentencing

20   factors -- it's 18 United States Code, Section 3553(a) -- even

21   if that's higher or lower than the guideline sentence.  Do you

22   understand all of that?

23               THE DEFENDANT:  Yes.

24               THE COURT:  And have you discussed the Sentencing

25   Guidelines with your attorney?

NAQQhesP

1              THE DEFENDANT:  Yes.

2              THE COURT:  Do you understand that they are only

3    recommendations to the Court?

4              THE DEFENDANT:  Yes.

5              THE COURT:  Now, I understand that you have entered

6    into a plea agreement with the government.  Is that correct?

7              THE DEFENDANT:  Yes.

8              THE COURT:  I have a letter.  It's dated October 24.

9    It appears to be your original plea agreement, but I'm just

10   going to ask you to confirm that.  I've marked it as Court

11   Exhibit 1.  Is that your agreement?

12             THE DEFENDANT:  Yes.

13             THE COURT:  Okay, great.

14             So did you read this agreement before you signed it?

15             THE DEFENDANT:  Yes.

16             DEPUTY CLERK:  It actually has an electronic signature

17   of the defendant.

18             THE COURT:  Okay.  So did you sign this in person?

19             MR. YUROWITZ:  Electronically.

20             THE COURT:  Electronically?

21             THE DEFENDANT:  Yes.

22             THE COURT:  So there's no version which he signed --

23             MR. YUROWITZ:  We could sign.

24             THE COURT:  Yes, why don't we do that now.

25             Before you signed it either today or electronically,

NAQQhesP

1    did you read the whole agreement?

2                THE DEFENDANT:  Yes.

3                THE COURT:  And did you discuss it with your attorney?

4                THE DEFENDANT:  Yes.

5                THE COURT:  I realize that it's a somewhat lengthy

6    document and contains some technical legal language, but after

7    reading it and discussing it with your attorney, do you

8    understand all the terms of the agreement?

9                THE DEFENDANT:  Yes.

10                THE COURT:  I'm going to ask the government to

11    summarize the primary terms of the agreement, please.

12                MS. KAMAL:  Yes, your Honor.

13                The agreement contains a stipulated guidelines range.

14    The guidelines range is 37 to 46 months.  That guidelines range

15    represents the stipulated range before the application of the

16    pending amendments to the Sentencing Guidelines.

17                The agreement also contains a stipulated range after

18    consideration of the pending amendments.  That amendment, let's

19    call it, guidelines range is 30 months to 37 months.

20                The agreement also requires the defendant to admit to

21    the forfeiture allegation and in particular to agree to a money

22    judgment of $1,774,269.  And also to admit and to forfeit two

23    items of specific property:  The first is all monies and funds

24    held in a JPMC bank account 906641022 held in the name of Heshl

25    Abraham.  And the second is to forfeit up to $450,000 held in a

NAQQhesP

1    JPMC account numbered 562366513 in the name of Lipsha Abraham,

2    whom the government understands to be the defendant's spouse.

3         The agreement also provides for -- an exhibit to the

4    agreement is also a consent preliminary order of forfeiture.

5    The consent preliminary order of forfeiture provides for the

6    forfeiture of both the specific property as well as the money

7    judgment in the amount that I just discussed, and it also

8    provides that once the forfeiture of the specific property is

9    final and in favor of the government, those monies contained in

10   the specific property will be credited against the money

11   judgment.

12        In addition to these core features of the plea, it

13   also requires the defendant to waive any appeal of a sentence

14   that is below the stipulated guidelines range of 46 months, the

15   high end of that range, and it requires him to waive any

16   modification of his sentence pursuant to 3582.

17        THE COURT:  So, Mr. Abraham, did you understand --

18        MR. YUROWITZ:  Just one clarification.

19        THE COURT:  Yes.

20        MR. YUROWITZ:  The waiver pursuant to 3582(c)(2) I

21   think is only under Section 4C1.1.  To the extent there may be

22   some other application, he's not waiving that, so ...

23        MS. KAMAL:  That's correct, your Honor.  It applies to

24   the pending amendment of the guidelines.

25        THE COURT:  Understood.

NAQQhesP

1          So, Mr. Abraham, did you follow all of that?

2          THE DEFENDANT:  Yes.

3          THE COURT:  Okay.  Is that all consistent with your

4     understanding of the agreement?

5          THE DEFENDANT:  Yes.

6          THE COURT:  I am just going to follow up on the waiver

7     of appeal only.  I just want to make sure that you understand

8     that you are giving up your right to appeal or otherwise

9     challenge your sentence so long as I sentence you to 46 months

10    of imprisonment or less.  So if I sentence you to more than 46

11    months in prison, you have a right to appeal or otherwise

12    challenge your sentence.  But if I sentence you to 46 months or

13    less, you can't appeal or otherwise challenge your sentence

14    under this agreement.  I just want to make sure you understand

15    that.  Do you understand that?

16         THE DEFENDANT:  Yes.

17         THE COURT:  Did you willingly sign this plea

18    agreement?

19         THE DEFENDANT:  Yes.

20         THE COURT:  Has anyone threatened bribed or forced you

21    to sign the agreement or to plead guilty?

22         THE DEFENDANT:  No.

23         THE COURT:  Other than what's in the agreement, has

24    anyone offered you an inducement to plead guilty?

25         THE DEFENDANT:  No.

NAQQhesP

1          THE COURT:  Has anyone made a promise to you as to

2    what your sentence will be?

3          THE DEFENDANT:  No.

4          THE COURT:  I just want to make sure you understand

5    that because no one knows what your sentence will be today.  I

6    don't know, the government doesn't know, your lawyer doesn't

7    know.  That won't be determined until I review the presentence

8    report prepared by the probation department, the submissions of

9    the parties, I do my own independent calculation of the

10   guidelines, and then decide what the proper range is and

11   whether there is a basis to sentence you outside of it.  But I

12   just want to make sure you understand that even if your

13   sentence is different from what people predicted or you had

14   hoped for, that that is not going to be a basis to withdraw

15   your plea.  Do you understand that?

16         THE DEFENDANT:  Yes.

17         THE COURT:  And then the government also referred to

18   the consent preliminary order of forfeiture as to specific

19   property money judgment.  Did you sign this as well?

20         THE DEFENDANT:  Yes.

21         THE COURT:  Is this electronic?

22         MR. YUROWITZ:  Yes.

23         THE COURT:  So I'm going to give this back to you to

24   ask you to sign it as well in person, but I just -- just to be

25   clear, this agreement, among other things, in it you agree to

NAQQhesP

1    forfeit a sum of money equal to $1,774,269 in United States

2    currency representing proceeds traceable to the commission of

3    the offense charged in Count One of the information, and all

4    right, title, and interest of the defendant in the following

5    specific property, and then it lists the $16,818.66 held in the

6    JPMC Bank, and up to $450,000 in United States currency

7    formally on deposit in a different account, but also at JPMC.

8    I'm not going to read the entirety of this agreement, but did

9    you -- I'm going to ask you to look at this, see if you've

10   signed it and then if you have, I'm just going to ask you to

11   sign it here in person as well.

12              (Complies)

13              THE COURT:  Have you previously read and discussed

14   this entire agreement with your attorney?

15              THE DEFENDANT:  Yes.

16              THE COURT:  So now that you've been advised of the

17   charge against you and the possible penalties you face and the

18   rights you're giving up, do you still intend to plead guilty?

19              THE DEFENDANT:  Yes.

20              THE COURT:  Now I'm going to ask you the official

21   question with respect to Count One of the superseding

22   information.  How do you plead?

23              THE DEFENDANT:  Guilty.

24              THE COURT:  And do you admit to the forfeiture

25   allegation in the information?

NAQQhesP

1          THE DEFENDANT:  Yes.

2          THE COURT:  So, now tell me in your own words what you

3   did that makes you believe you're guilty of this crime?

4          THE DEFENDANT:  So in 2018, I agreed with another to

5   participate in a scheme to defraud Amazon by shipping materials

6   to Amazon that were different from those that Amazon had

7   initially ordered.  I did this in order to receive money from

8   Amazon that I knew I was not legitimately entitled to.  I

9   received those payments electronically over the wire.  My

10  business was located in the Southern District of New York.  I

11  realize that what I did was wrong, and I apologize for my

12  actions.  I also overshipped products to Amazon.  Amazon would

13  order certain items on a regular basis, and I sent them those

14  same items but in amounts exceeding what they ordered.

15         THE COURT:  Are there any additional questions the

16  government would like me to ask?

17         MS. KAMAL:  No, your Honor.  Thank you.

18         THE COURT:  Can you please summarize what the

19  government's evidence would be if the case were to proceed to

20  trial?

21         MS. KAMAL:  Yes.

22         At trial, the government would produce data and

23  communications from more than a dozen seized devices, which

24  would reflect, among other things, communications between the

25  defendants regarding how to successfully execute the scheme,

NAQQhesP

1    how to obtain the greatest amount of money from the victim in

2    the shortest period of time, and how to avoid detection.

3            The government would also offer data, documents and

4    testimony from the victim reflecting that its orders for goods

5    had been manipulated, prices agreed to had been manipulated,

6    and that the quantities of goods that were ultimately shipped

7    by the defendants were also manipulated and exceeded.

8            The government would also offer the financial records

9    from third parties reflecting that payment from the victim's

10   bank accounts located outside the Southern District of New York

11   were wired to the defendant's accounts which were located in

12   the Southern District of New York and also further reflect the

13   flow of funds.

14           THE COURT:  Thank you.

15           Mr. Yurowitz, do you agree that there is a sufficient

16   factual predicate for the guilty plea?

17           MR. YUROWITZ:  Yes, your Honor.

18           THE COURT:  Mr. Abraham, because you acknowledge that

19   you are in fact guilty as charged in the superseding

20   information, because I am satisfied that you understand your

21   rights, including your right to go to trial, and that you're

22   aware of the consequences of your plea, including the sentence

23   which may be imposed, and because I find that you are knowingly

24   and voluntarily pleading guilty, I accept your guilty plea to

25   Count One of the superseding information.

NAQQhesP

1          The probation department will want to interview you in

2     connection with the presentence report that I mentioned

3     earlier.

4          Counsel, do you wish to be present for such interview?

5          MR. YUROWITZ:  Yes, your Honor.

6          THE COURT:  If you choose to speak to the probation

7     department, just make sure everything you say is truthful and

8     accurate.  And take a close read of the presentence report.

9     I'll review it carefully before imposing sentence.  If there

10    are any errors in it, please raise it with your attorney so he

11    can raise it with me.

12         Why don't we schedule a sentencing date.

13         DEPUTY CLERK:  March 14 at 12:00.

14         THE COURT:  March 14 at 12:00.  Does that work for

15    everyone?

16         MR. YUROWITZ:  Yes, your Honor.

17         THE COURT:  The government shall provide the probation

18    office with its factual statement within one week, and counsel

19    shall arrange for the defendant to be interviewed by the

20    probation department within the next two weeks.

21         Consistent with my individual rules and practices in

22    criminal cases, which are on the court website, defense

23    submissions are due two weeks prior to sentencing, and the

24    government's submission one week prior to sentencing.

25         Does the government have any objection to continuing

NAQQhesP

1    the current conditions of bail?

2              MS. KAMAL:  No, your Honor.

3              THE COURT:  They will be continued.

4              Are there any additional applications?

5              MS. KAMAL:  Not at this time.  Thank you, your Honor.

6              THE COURT:  Thank you.  Have a good day.

7              MR. YUROWITZ:  Your Honor, is it your Honor's practice

8    to release to the counsel probation's recommendation?

9              THE COURT:  Yes, absolutely.  You will get a copy of

10   the initial presentence report.  You will have the opportunity

11   to make objections to it, and then you will get the final

12   report which will have the recommendation of the probation

13   department, and you will get that in advance of the time that

14   your submission is due.

15             MR. YUROWITZ:  Some judges or some districts, they

16   don't release the actual recommendation.

17             THE COURT:  In this district we do, and I think you're

18   entitled to see it.  Thank you.  Have a good day.

19             MR. YUROWITZ:  Thank you, your Honor.

20             (Adjourned)

21

22

23

24

25